| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

CINCO BAYOUS, LLC, JIM WINGATE, §
TANYA WINGATE, and §
WILLIAM WINGATE, §
　　　　　　　　　　　　　　　§
　　　　Plaintiffs, §
　　　　　　　　　　　　　　　§
*versus* § 　　CIVIL ACTION NO. 1:19-CV-452
　　　　　　　　　　　　　　　§
SAMSON EXPLORATION, LLC, §
　　　　　　　　　　　　　　　§
　　　　Defendant. §

### MEMORANDUM AND ORDER

Pending before the court is Plaintiffs Cinco Bayous, LLC ("Cinco Bayous"), Jim Wingate, Tanya Wingate, and William Wingate's (collectively, "Plaintiffs") Motion for Leave to File Amended Pleading (#19) and Defendant Samson Exploration, LLC's ("Samson") response in opposition (#23). Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that Plaintiffs' motion should be DENIED.

I.　　Background

This case concerns a disputed oil and gas lease between Plaintiffs and Samson, which was originally filed in the 58th Judicial District Court of Jefferson County, Texas, on August 1, 2019. Samson filed a notice of removal on September 24, 2019. At the time of removal, complete diversity of citizenship existed, as Plaintiffs Jim, Tanya, and William Wingate are citizens of the State of Texas, Cinco Bayous is a Texas limited liability company whose members are citizens of Texas, making Cinco Bayous a citizen of Texas. Samson is a limited liability company whose

members are citizens of the State of Delaware or the State of Oklahoma; thus, Samson is a citizen of Delaware or Oklahoma.

This dispute originates from seismic surveys conducted in 2008 ("2008 Seismic Surveys"). In 2008, Samson, formerly known as Samson Lone Star, LLC, conducted eleven seismic surveys which covered approximately 2,040 square miles. Plaintiffs and Samson negotiated six, twelve-month seismic permits ("2008 Seismic Permits") that covered various tracts of land, notably the Sara Miles Survey, A-173, ("Sara Miles") and J.C. Grant Survey,[1] A-128, ("J.C. Grant"), where Plaintiffs are listed as minority owners. According to Samson, one of the 2008 Seismic Surveys, the Willow Marsh Survey, consisted of 215 square miles in total and Plaintiffs' property comprised less than one percent of the entire survey. Samson maintains that the terms of the 2008 Seismic Permits did not require Samson to share or transmit any of the seismic data collected with Plaintiffs.[2] Samson licensed the data collected in the 2008 Seismic Surveys ("2008 Survey Data") to Hilcorp Energy Company ("Hilcorp") in 2008.

In August 2012, the parties negotiated six oil, gas, and other hydrocarbon leases[3] ("2012 Leases"), wherein Samson, in exchange for the right to develop the mineral estate, agreed to pay a 1/4 royalty and furnish seismic data collected during the term of the 2012 Leases. The parties agree that Samson did not collect any seismic data during the 2012 Leases. Nonetheless, Plaintiffs

---

[1] Tract 3 in the 2008 Permits lists the land survey name as "J.C. Grant," but other documents list it as "Joseph Grant."

[2] The terms and conditions of the 2008 Seismic Permits are not at issue in this case.

[3] Plaintiffs' Motion for Leave to Amend (#19) specifies the six mineral leases at issue with the following identification numbers stamped at the top of each "Memorandum Oil, Gas, and Other Hydrocarbon Lease" and primary terms, respectively: 2012031984 (1 year), 2012031987 (1 year), 2012031985 (2 years), 2012031988 (2 years), 2012031986 (2 years), and 2012031989 (2 years).

assert that they are entitled to the 2008 Survey Data Samson collected pertaining to the Sara Miles and J.C. Grant surveys. Furthermore, Plaintiffs claim to have detrimentally relied on obtaining the 2008 Survey Data when negotiating the 2012 Leases. In early 2020, Samson sold the 2008 Survey Data to Zachry Seismic, LLC ("Zachry Seismic"). Plaintiffs contend that at the Status Conference on January 6, 2020, they first learned that Samson had sold the 2008 Survey Data.

In their First Amended Complaint (#10), Plaintiffs claim Samson breached the 2012 Leases by withholding the 2008 Survey Data. Plaintiffs also allege that Samson fraudulently induced Plaintiffs to enter into the 2012 Leases, knowing Plaintiffs' desire to obtain the 2008 Survey Data when entering into the 2012 Leases. Additionally, Plaintiffs contend that Samson's refusal to provide the 2008 Survey Data amounts to common law civil conversion of Plaintiffs' property. Samson denies all aforementioned allegations in its First Amended Answer (#11).

In the present motion, Plaintiffs seek leave to amend their pleadings to add Hilcorp, Zachry Exploration, LLC ("Zachry Exploration"), and Zachry Seismic (Zachry Exploration and Zachry Seismic will be referred to collectively as "Zachry") as defendants upon learning that the 2008 Survey Data was licensed to Hilcorp and sold to Zachry. If joined, at least one of the new parties would destroy complete diversity of citizenship. According to Plaintiffs, Hilcorp is a corporation organized under the laws of the State of Texas, with a principal place of business in Houston, Texas, and is, therefore, a citizen of Texas. Zachry Exploration and Zachry Seismic are limited liability companies ("LLC"); although Plaintiffs maintain that each entity has purposefully engaged in business in the State of Texas, that assertion is not determinative of the LLCs' citizenship. *See Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) ("[T]he citizenship of a LLC is determined by the citizenship of all [or each] of its

3

members."). The citizenship of Zachry Exploration and Zachry Seismic's members was not provided.

Plaintiffs' proposed Second Amended Complaint (#20) seeks to add breach of contract and conversion claims against Hilcorp and Zachry. Plaintiffs also include an additional claim to quiet title against Samson for failing to file releases of the 2012 Leases in the official records of Jefferson County, Texas. Samson argues that Plaintiffs' claims against Samson, Hilcorp, and Zachry are time-barred and/or moot.

II.   Analysis

    A.   Joinder of Nondiverse Defendant After Removal

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *accord Powerex v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 232-33 (2007); *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171-72 (5th Cir. 2009); *Perry v. Hartford Ins. Co.*, 196 F. Supp. 2d 447, 449 (E.D. Tex. 2002). When faced with an amended pleading naming a new, nondiverse defendant in a removed case, the district court "should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), *cert. denied*, 493 U.S. 851 (1989); *accord Allen v. Walmart Stores, L.L.C.,* 907 F.3d 170, 185 (5th Cir. 2018); *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir.), *cert. denied*, 571 U.S. 941 (2013); *LJH, Ltd. v. Comerica Inc.*, No. 4:15-cv-639, 2016 WL 69912, at *1 (E.D. Tex. Jan. 6, 2016). "In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having

parallel lawsuits." *Hensgens*, 833 F.2d at 1182; *accord Priester*, 708 F.3d at 679. Nevertheless, "[w]hen an amendment would destroy jurisdiction, most authorities agree that leave should be denied unless there exist strong equities in its favor." *LJH, Ltd.*, 2016 WL 69912 at *1 (quoting *Whitworth*, 914 F. Supp. at 1435).

The Fifth Circuit has indicated that a district court should evaluate the following factors when determining whether to permit joinder of a nondiverse defendant in a removed case: (1) whether the primary purpose of the amendment is to defeat diversity jurisdiction; (2) whether the plaintiff was diligent in requesting amendment; (3) whether the plaintiff will be prejudiced if amendment is denied; (4) and "any other factors bearing on the equities." *Hensgens*, 833 F.2d at 1182; *accord Allen,* 907 F.3d at 185; *Moore v. Mans*, 732 F.3d 454, 456 (5th Cir. 2013); *Priester*, 708 F.3d at 679. These factors are commonly referred to as the "*Hensgens* factors." Although *Hensgens* was decided prior to the enactment of § 1447(e), the Fifth Circuit has held that district courts should continue to apply the *Hensgens* factors. *Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010) (stating that "when a plaintiff seeks to add a non-diverse defendant whose joinder would defeat diversity jurisdiction, the district court must consider the *Hensgens* factors"); *see Cobb*, 186 F.3d at 677 (noting that "§ 1447(e), adopted after [the Fifth Circuit] decided *Hensgens*, is a codification of *Hensgens*'s holding"). Consequently, joinder of a nondiverse defendant after removal is controlled by 28 U.S.C. § 1447(e) and the *Hensgens* factors, not Rule 15 of the Federal Rules of Civil Procedure. *Respco, LLC v. Wells Fargo USA Holdings, Inc.*, EP-18-CV-260-PRM, 2018 WL 7350766, at *2 (W.D. Tex. Nov. 26, 2018) (citing *Priester*, 708 F.3d at 679); *Anzures v. Prologis Tex. I LLC*, 886 F. Supp. 2d 555, 562 (W.D. Tex. 2012); *Smith v. Robin Am., Inc.*, No. H-08-3565, 2009 WL 2485589, at *4 (S.D. Tex. Aug. 7, 2009),

*aff'd*, 484 F. App'x 908 (5th Cir. 2012); *Whitworth*, 914 F. Supp. at 1435; *see* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY K. KANE, FEDERAL PRACTICE AND PROCEDURE § 1477 (3d ed. 2010) ("[A] party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action."). If, after considering the *Hensgens* factors, the district court permits joinder of a nondiverse defendant, it must remand the case back to state court. *Cobb*, 186 F.3d at 677 (citing 28 U.S.C. § 1447(e)); *Gill v. Michelin N. Am., Inc.*, 3 F. Supp. 3d 579, 583 (W.D. Tex. 2013).

### 1. Purpose of the Amendment

Certain circumstances are indicative of a plaintiff's desire to defeat federal jurisdiction by joining a nondiverse party after removal. For example, where the plaintiff knew or should have known the identity of the nondiverse defendant at the time of the lawsuit's original filing in state court, an attempt to join the defendant after removal is viewed with "much suspicion" and suggests an effort to frustrate diversity jurisdiction. *O'Connor v. Auto. Ins. Co. of Hartford*, 846 F. Supp. 39, 41 (E.D. Tex. 1994); *see LJH, Ltd.*, 2016 WL 69912, at *2 (citing *Tomlinson v. Allstate Indem. Co.*, No. 06-0617, 2006 WL 1331541, at *3 (E.D. La. May 12, 2006)); *Boyce v. CitiMortgage, Inc.*, 992 F. Supp. 2d 709, 717 (W.D. Tex. 2014); *Martinez v. Holzknecht*, 701 F. Supp. 2d 886, 889 (S.D. Tex. 2010); *see also Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999) (noting that adding a nondiverse defendant shortly after removal but before any additional discovery is indicative that the specific purpose of the amendment is to defeat diversity jurisdiction).

"Intertwined with this inquiry is the viability of plaintiff[s'] claims against the proposed defendant[s]." *Anzures*, 886 F. Supp. 2d at 564 (quoting *Peters v. Am. S. Home Ins. Co.*, No.

06-0602, 2006 WL 2505362, at *2 (W.D. La. July 27, 2006)); *accord Boyce*, 992 F. Supp. 2d at 716; *Gallegos v. Safeco Ins. Co. of Ind.*, No. H-09-2777, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009). "[W]hen a plaintiff states a valid claim against a defendant, it is unlikely that the primary purpose of bringing [that defendant] into a litigation is to destroy diversity jurisdiction." *Lowe v. Singh,* No. H-10-1811, 2010 WL 3359525, at *2 (S.D. Tex. Aug. 23, 2010); *see Patton v. Ortho Dev. Corp.*, No. 3:13-CV-00071, 2013 WL 2495653, at *2 (N.D. Tex. June 10, 2013); *Karr v. Brice Bldg. Co.*, No. 08-1984, 2009 WL 1458043, at *3 (E.D. La. May 22, 2009); *Medellin v. Gen. Motors Corp.*, Civ. A. No. H-07-3149, 2007 WL 4570063, at *1 (S.D. Tex. Dec. 26, 2007). On the other hand, while an improper joinder analysis is inapplicable post-removal, a "request to join a party against whom recovery is not really possible and whose joinder would destroy subject matter jurisdiction" should not be granted. *Cobb*, 186 F.3d at 678; *see Lauzon v. Pulte Homes, Inc.*, No. SA-12-CV-177-XR, 2012 WL 4795994, at *5-7 (W.D. Tex. Oct. 9, 2012) (finding reason to deny leave to join a non-diverse party where there appeared to be a "substantial likelihood that the claims [would] not be successful and, therefore, that Plaintiffs [would] not be prejudiced if their motion for leave to file an amended complaint [was] denied."); *McDonald v. Union Nat'l Life Ins. Co.*, 307 F. Supp. 2d 831, 834 (S.D. Miss. 2004).

Here, Plaintiffs seek to add a nondiverse defendant and two potentially nondiverse defendants in their proposed Second Amended Complaint (#20), filed on June 12, 2020, along with their Motion for Leave to File an Amended Pleading (#19). Although Plaintiffs may not have known about Hilcorp and Zachry until after removal, Plaintiffs' recovery against them appears to be barred by the applicable statute of limitations and/or the lack or privity. Additionally, joinder of Hilcorp would destroy the court's subject matter jurisdiction, as could the joinder of Zachry,

if their members reside in Texas. Thus, this factor weighs against allowing joinder, which appears to be a belated attempt on the part of Plaintiffs to avoid federal jurisdiction and deprive the diverse defendant of its choice of forum.

### 2. Diligence in Requesting Amendment

In deciding whether a plaintiff has been dilatory in seeking leave to amend, courts "consider the amount of time that has passed between the plaintiff's motion to amend and the filing of the original petition and notice of removal." *LJH, Ltd.*, 2016 WL 69912, at *3 (quoting *Anzures*, 886 F. Supp. 2d at 565 (citations omitted)). Generally speaking, a plaintiff "is not dilatory in seeking to amend a complaint 'when no trial or pre-trial dates were scheduled and no significant activity beyond the pleading stage has occurred.'" *Gallegos*, 2009 WL 4730570, at *4 (quoting *Smith*, 2009 WL 2485589, at *6); *accord LJH, Ltd.*, 2016 WL 69912, at *3; *Boyce*, 992 F. Supp. 2d at 720; *Anzures*, 886 F. Supp. 2d at 565. Nevertheless, "the analysis is different when the proposed amendment is to add nondiverse defendants shortly after removal based on federal diversity jurisdiction." *Gallegos*, 2009 WL 4730570, at *4; *accord Feuerbacher v. Wells Fargo Bank*, No. 4:15-cv-59, 2015 WL 7756128, at *2 (E.D. Tex. Dec. 1, 2015).

Courts generally find that a plaintiff is not dilatory in seeking to amend a complaint when no significant activity has commenced. *See, e.g.*, *Wuellner Oil & Gas, Inc. v. EnCana Oil & Gas (USA) Inc.*, 861 F. Supp. 2d 775, 791 (W.D. La. 2012) (holding that the second factor was "neutral" where the defendant had filed a "potentially dispositive motion" but the plaintiffs filed a motion to amend "within the deadline to amend their claim and join parties"); *Arthur v. Stern*, No. H-07-3742, 2008 WL 2620116, at *4 (S.D. Tex. June 26, 2008); *Herzog v. Johns Manville Prods. Corp.*, No. Civ. A. 02-1110, 2002 WL 31556352, at *2 (E.D. La. Nov. 15, 2002) (stating

8

that courts generally find that a plaintiff is not dilatory in seeking to amend a complaint "when no trial or pre-trial dates are scheduled and no significant activity beyond the pleading stage has occurred").

In this case, Plaintiffs moved to amend well after the April 28, 2020, deadline to amend pleadings set forth in the court's Scheduling Order (#7)[4] had passed and after significant activity in the case had occurred, including a dispositive motion and extensive discovery. Plaintiffs filed the instant motion on June 12, 2020, ten months after they filed their state court petition and nine months after the case was removed to federal court. Some courts have held much shorter time lapses to be impermissible. *See, e.g.*, *Multi-Shot, LLC v. B & T Rentals, Inc.*, No. H-09-3283, 2010 WL 376373, at *9 (S.D. Tex. Jan. 26, 2010) (delay of "nearly four months after state court action was filed and nearly two months after removal" weighed slightly in favor of finding plaintiff dilatory in amending); *Ellsworth, LeBlanc & Ellsworth, Inc. v. Strategic Outsourcing, Inc.*, No. 03-0613, 2003 WL 21783304, at *3 (E.D. La. July 30, 2003) (delay of two months after filing the state court complaint and nearly 30 days after the filing of the notice of removal held to be dilatory).

Courts in this circuit, however, have found "amending to join parties in light of newly-discovered factors is not dilatory." *Hart v. Tufenkian Artisan Carpets*, No. 318CV2178G, 2019 WL 3974567, at *2 (N.D. Tex. Aug. 22, 2019); *Grayson v. DSM Nutritional Prods., LLC*, No. 318CV00061, 2019 WL 829692, at *4 (S.D. Tex. Feb. 5, 2019); *Sam Rayburn Mun. Power Agency v. Gillis*, No. 114CV202, 2015 WL 410268, at *6 (E.D. Tex. Jan. 30, 2015). Plaintiffs

---

[4] The Scheduling Order (#7) set the deadline to join new parties as January 31, 2020, and the deadline to amend the pleadings as April 28, 2020. The parties still have until August 31, 2020, to complete discovery.

maintain that they first learned that Samson sold the 2008 Survey Data at the Status Conference on January 6, 2020. During the Status Conference, Samson revealed the existence of Hilcorp when explaining their position to the court. Plaintiffs, however, contend that the new parties were not discovered until June 4, 2020, when they interviewed Mark Smith ("Smith") and Harold Thibodeaux ("Thibodeaux")—employees of Mark Smith & Associates whom Samson hired to collect seismic data on the mineral estate in question prior to 2012. Nevertheless, Plaintiffs identified Smith and Thibodeaux in their Initial Disclosures, which were served on February 7, 2020, as "persons whom they currently believe may have knowledge or information relating to the claims and defenses at issue." Due to Plaintiffs' decision to defer interviewing Smith and Thibodeaux until June 4, 2020, the information gleaned from the interviews, including the identities of Hilcorp and Zachry, cannot be classified as facts that could not have been discovered earlier. Conceivably, Plaintiffs could have discovered this information prior to January 31, 2020, the deadline to join new parties. Yet, Plaintiffs filed for leave to amend and add these nondiverse parties on June 12, 2020, approximately one week after the June 4, 2020, interviews. Under the circumstances, the court finds that the second *Hensgens* factor weighs against joinder.

### 3. Prejudice if Amendment is Denied

"In determining prejudice to a plaintiff under the third *Hensgens* factor, courts consider whether a plaintiff can be afforded complete relief in the absence of the amendment." *LJH, Ltd.*, 2016 WL 69912, at *3 (quoting *Anzures*, 886 F. Supp. 2d at 565); *accord Boyce*, 992 F. Supp. 2d at 721. In other words, "courts consider whether the already named diverse defendant would be able to satisfy a future judgment." *Gallegos*, 2009 WL 4730570, at *5; *see LJH, Ltd.*, 2016 WL 69912, at *4. Courts also consider "whether the possibility of a separate state court

proceeding weighs against denying the proposed amendment because of the inefficiency of parallel proceedings, or because such proceedings would place a financial burden on the plaintiff." *LJH, Ltd.*, 2016 WL 69912, at *3; *Gallegos*, 2009 WL 4730570, at *5; *accord Boyce*, 992 F. Supp. 2d at 721. Several district courts have concluded that the potential for parallel proceedings weighs in favor of granting leave to amend. *See, e.g.*, *Watson v. Law Enf't All. of Am., Inc.*, 451 F. Supp. 2d 870, 873 (W.D. Tex. 2006) (finding prejudice where the plaintiffs would be "forced to litigate two separate suits, one in state court and one in federal court, based on the same set of facts in order to pursue their claims against all the parties involved"); *Schindler v. Charles Schwab & Co.*, No. 05-0082, 2005 WL 1155862, at *5 (E.D. La. May 12, 2005); *Holcomb v. Brience, Inc.*, No. 3:01-CV-1715-M, 2001 WL 1480756, at *3 (N.D. Tex. Nov. 20, 2001) (stating that "[t]he main concern expressed in *Hensgens* was the possibility of parallel federal and state proceedings").

If otherwise viable, there is no indication that Plaintiffs would be unable to pursue their claims against Hilcorp and Zachry in a separate state court proceeding. While the court recognizes that a second state proceeding may be undesirable for Plaintiffs and has the potential to waste judicial resources, Plaintiffs do not contend that such a proceeding is entirely unavailable or cost prohibitive. *See Hensgens*, 833 F.2d at 1182 (discussing the dangers and undesirability of parallel litigation versus a diverse defendant's right to a federal forum); *LJH, Ltd.*, 2016 WL 69912, at *4.

"[W]hether a plaintiff can be afforded relief in the absence of the amendment" is also relevant when analyzing the third factor. *Lowe,* 2010 WL 3359525, at *3. Plaintiffs do not allege or suggest that Samson is insolvent or cannot satisfy a judgment. *See Anzures*, 886 F. Supp. 2d

at 565-66 (finding that the third factor weighed against granting leave to amend where plaintiff did not argue that the original defendant would have been unable to satisfy a judgment); *Adams v. State Farm Lloyd's, Inc.*, No. 1:07-CV-216, 2008 WL 906256, at *2 (E.D. Tex. Mar. 31, 2008) (finding no prejudice to plaintiff where there was "no indication" that the original defendant was "insolvent or otherwise unable to fully satisfy any judgment"); *Ehrhardt v. Elec. & Instrumentation Unlimited*, 137 F. Supp. 2d 765, 766 (E.D. Tex. 2001) (finding no prejudice to plaintiff where original defendant would have been "able to fully satisfy any judgment plaintiff [would] receive").

Moreover, Plaintiffs may not be prejudiced because, as previously noted, it is questionable whether they can prevail against Hilcorp and Zachry in either state or federal court due to legal impediments, including a limitations bar and privity requirements. *See Cobb*, 186 F.3d 678; *Lucas v. Abbott Labs.*, No. 3:12-CV-3654-B, 2013 WL 2905488, at *5 (N.D. Tex. June 13, 2013) (citing *Anzures*, 886 F. Supp. 2d at 564 & n.6); *Quibodeaux v. Nautilus Inc. Co.*, No. 1:10-CV-739, 2012 WL 12919188, at *7 (E.D. Tex. July 30, 2012). After considering these issues, the court finds that the third factor is neutral and does not mandate joinder.

### 4. Factors Bearing on the Equities

The final *Hensgens* factor directs the court to consider any other equitable factors which weigh in favor of granting or denying leave to amend. *Hensgens*, 833 F.2d at 1182. Courts have considered the non-forum state defendant's right to a federal forum and the threat of parallel state court proceedings as other equitable factors. *LJH, Ltd.*, 2016 WL 69912, at *4; *Gallegos*, 2009 WL 4730570, at *5. The *Gallegos* court noted that both factors will almost always be present when a plaintiff in a removed action seeks to add a diversity-destroying defendant. 2009 WL

4730570, at *5. Further, neither factor truly constitutes an "other equitable factor" because it is inherently part of the other three factors. *See Gallegos*, 2009 WL 4730570, at *5; *accord Feuerbacher*, 2015 WL 7756128, at *3.

With respect to the final factor of the *Hensgens* analysis, Plaintiffs contend that the existence of parallel state and federal lawsuits would waste judicial resources and could potentially produce inconsistent results. Conversely, "honoring a defendant's choice of forum, avoiding inconsistent outcomes, and promoting judicial economy" are among the equitable factors bearing on whether joinder should be permitted. *Patton*, 2013 WL 2495653, at *4; *see Lauzon*, 2012 WL 4795994, at *7 (finding that the defendant's "interest in maintaining a federal forum is especially strong because litigation has already progressed for over eight months."); *see Apollo Alternative Fuels Co. v. Energy Ventures Org., Inc.*, No. 3:06-CV-1278-L, 2007 WL 1002243, at *3 (N.D. Tex. Mar. 31, 2007) (holding that the plaintiff "should not be allowed to use sleight of hand to circumvent" defendants' right of removal). In the case at bar, the discovery period is about to close, there are pending discovery disputes, and litigation has been ongoing since September 2019. Further, Samson has a strong interest in maintaining a federal forum, where the parties have litigated this matter for almost a year. In the interest of justice and to promote judicial efficiency, the parties are best served if the case remains in federal court, a forum that is familiar with this dispute and the applicable law. Accordingly, the court concludes that other factors bearing on the equities weigh against joinder. Thus, on balance and upon consideration of all the *Hensgens* factors, the court finds Plaintiffs' proposed joinder of Hilcorp and Zachry as additional defendants to be unwarranted.

Case 1:19-cv-00452-MAC Document 44 Filed 08/20/20 Page 14 of 17 PageID #: 3607

B.      Amendment of Pleadings

The Federal Rules of Civil Procedure provide that "[t]he court should freely give leave" to amend pleadings "when justice so requires." FED. R. CIV. P. 15(a)(2); *accord Brown v. Taylor*, 911 F.3d 235, 246 (5th Cir. 2018); *Del Prado v. B.N. Dev. Co., Inc.*, 602 F.3d 660, 663 (5th Cir. 2010); *Newby v. Enron Corp.*, 542 F.3d 463, 469 (5th Cir. 2008). Although "[t]he court should freely give leave when justice so requires" under Rule 15(a), the Fifth Circuit has observed that this "is not a mechanical absolute and the circumstances and terms upon which such leave is to be 'freely given' is committed to the informed, careful judgment and discretion of the Trial Judge as [s]he superintends the development of a cause toward its ultimate disposition." *Freeman v. Cont'l Gin Co.*, 381 F.2d 459, 468 (5th Cir. 1967) (quoting *Lone Star Motor Imp., Inc. v. Citroen Cars Corp.*, 288 F.2d 69, 75 (5th Cir. 1961)); *accord Body by Cook, Inc. v. State Farm Mut. Ins.*, 869 F.3d 381, 391 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1009 (2018). Considerations aiding in this determination include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Body by Cook, Inc.*, 869 F.3d at 391 (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)); *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010). If any one of these factors applies, leave may be withheld. *Rosenblatt*, 607 F.3d at 419; *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (explaining, conversely, that "[a]bsent any of these factors, the leave should be 'freely given'" (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

The Fifth Circuit has explicitly held that "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired." *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 734 (5th Cir. 2018) (quoting *S&W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)). When an "amendment would be futile" under Rule 15(a), the district court is authorized to deny a motion for leave to amend without considering Rule 16(b). *Adams Family Tr. v. John Hancock Life Ins. Co.*, 424 F. App'x 377, 384 (5th Cir. 2011) (quoting *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 322 (5th Cir. 2009)).

In this situation, Plaintiffs filed a Motion for Leave to File Amended Pleading (#19) on June 12, 2020, approximately six weeks after the April 28, 2020, deadline. Plaintiffs seek to assert an additional claim to quiet title against Samson, contending that Samson never filed releases of the 2012 Leases in the official records of Jefferson County, Texas. Their motion was filed years after the effective dates of the 2012 Leases, which expired in August 2013 and August 2014, at the end of their respective primary terms. Under the circumstances, Plaintiffs knew or should have known that Samson had not released the 2012 Leases prior to initiating the instant litigation, which is based on the leases, and could have included such a claim in their Original Petition. Moreover, on June 9, 2020, Samson, upon request and notification by Plaintiffs, filed an official release of the 2012 Leases and forwarded a copy of the releases to Plaintiffs that same day. Nonetheless, Plaintiffs now seek to file a quiet title claim,[5] contending that the 2012 Leases

---

[5] Plaintiffs are not challenging the validity of the 2012 Leases. "When an instrument is void, a quiet-title action can be brought at any time to set it aside," but if the instrument is voidable, it is subject to a four-year statute of limitations. *Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542, 547 (Tex. 2016); *Slaughter v. Qualls*, 162 S.W.2d 671, 674 (Tex. 1942).

remained "open leases" until June 2020 and that, until Samson filed the releases, Samson's failure to release constituted a continuous breach.

"[A] quiet-title suit is an equitable remedy." *Lance v. Robinson*, 543 S.W.3d 723, 738 (Tex. 2018). A suit to quiet title "relies on the invalidity of the defendant's claim to the property." *Id*. (quoting *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 387-88 (Tex. App.—Houston [1st Dist.] 2012, pet. denied)); *Longoria v. Lasater*, 292 S.W.3d 156, 165 n. 7 (Tex. App.—San Antonio 2009, pet. denied). It exists "to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right." *Lance*, 543 S.W.3d at 738; *Essex Crane Rental Corp.*, 371 S.W.3d at 388; *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). "Under Texas law, a claim to quiet title requires that the plaintiff prove: '(1) he has an interest in a specific property, (2) title to the property is affected by a claim by the defendant or defendants, and (3) the claim, although facially valid, is invalid or unenforceable.'" *Cervantes v. New Century Mortg. Corp.*, 633 F. App'x 290, 291 (5th Cir. 2016) (quoting *Green v. JPMorgan Chase Bank, N.A.*, 937 F. Supp. 2d 849, 863 (N.D. Tex. 2013), *aff'd,* 562 F. App'x 238 (5th Cir. 2014)).

Here, Plaintiffs' quiet title claim is moot because the cloud did not exist at the time of filing of the Motion for Leave to Amend, as Samson had already released the 2012 Leases. A case or controversy set forth in the plaintiff's complaint is required to remain "live" not only at the time it was filed but throughout the litigation process, as well. *See Rocky v. King*, 900 F.2d 864, 866 (5th Cir. 1990) (citing *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980)). "An action is moot where (1) the controversy is no longer live or (2) the parties lack a personal stake in its outcome." *Id.* at 867. Moreover, Plaintiffs' requested remedy is the filing of the

16

releases in the official records of Jefferson County, Texas, which Samson completed on June 9, 2020. Therefore, Plaintiffs fail to state a viable claim for relief, and the proposed amendment must be rejected.

III.  Conclusion

Because Plaintiffs' proposed joinder of new parties destroys diversity jurisdiction and their new claim to quiet title against Samson is moot, the court declines to grant Plaintiffs leave to amend. Accordingly, Plaintiffs' Motion for Leave to File Amended Pleading (#19) is DENIED.

SIGNED at Beaumont, Texas, this 20th day of August, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE